**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Nev. Bar No. 11480)
871 Coronado Center Drive
Suite 200
Henderson, Nevada 89052
+1 702-900-6339
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JAMIE HINTZ, | Case No. 3:20-cv-00662 |
| Plaintiff, | **COMPLAINT** |
| v. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*** |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

**NOW COMES** Jamie Hintz ("Plaintiff"), by and through the undersigned attorney, complaining of Midland Credit Management, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Nevada and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Nevada.

**PARTIES**

4.   Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Reno, Nevada.

5.   Defendant's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, California.

6.   Defendant regularly attempts to collect debts allegedly owed by consumers residing in the state of Nevada.

**FACTS SUPPORTING CAUSES OF ACTION**

7.   At some point, Plaintiff applied for and received an online payday loan of approximately $300.00 ("subject debt").

8.   Due to unforeseen financial difficulties, Plaintiff was unable to stay current on the subject debt.

9.   After Plaintiff fell into default upon the subject debt, it was assigned to Defendant for collection.

10.  Over the course of the year, Plaintiff has received collection calls from Defendant regarding the subject debt.

11.  During one of the collection calls, Defendant's representative, "John Michael," threatened to have law enforcement remove Plaintiff's ex-wife vehicle as collateral.

12.  Plaintiff requested that Defendant stop contacting him and his ex-wife regarding the subject debt.

13.  Disregarding Plaintiff's requests that the collection calls stop, Defendant continued to contact Plaintiff and Plaintiff's ex-wife.

14.  Plaintiff's ex-wife advised Defendant that they were divorced and asked that Defendant stop calling her and direct all communication to Plaintiff regarding the subject debt.

2

15. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

<u>**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**</u>

16. Plaintiff restates and realleges the preceding paragraphs as though fully set forth herein.

17. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

18. The debt upon which Defendant was attempting to collect is a "debt" as defined by FDCPA §1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

19. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

a. **Violations of FDCPA §§1692b, b(2), and b(3)**

20.  Section 1692b of the FDCPA regulates how debt collectors can communicate with third parties.

21. Specifically, §1692b(2) states that a debt collector communicating with a third party can "not state that such consumer owes any debt."

22. Additionally, §1692b(3) states that a debt collector communicating with a third party can "not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

23.  Defendant violated §§1692b and b(2) when it knowingly disclosed to Plaintiff's ex-wife that it was attempting to collect a debt from Plaintiff, the nature of the debt, and the amount of the debt.

24. Defendant violated §§1692b and b(3) when it continued to place calls to Plaintiff's ex-wife after Plaintiff's ex-wife (1) informed Defendant that she and Plaintiff were separated and (2) when Plaintiff's ex-wife requested that the calls cease.

**b.  Violations of FDCPA §§1692c and c(b)**

25.   Section 1692c of the FDCPA regulates communication in connection with debt collection.

26. Specifically, §1692c(b) states that "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

27.  Defendant violated §§1692c and c(b) when it knowingly disclosed to Plaintiff's ex-wife that it was attempting to collect a debt from Plaintiff, the nature of the debt, and the amount of the debt.

**c.  Violations of FDCPA §§1692d and d(5)**

28. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §§1692d and d(5) when it continuously called Plaintiff's ex-wife seeking to collect upon a debt that did not belong to her.

30. This repeated behavior of systematically calling Plaintiff's ex-wife's phone in an attempt to collect a debt owed by Plaintiff was harassing and abusive.

31. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing the Plaintiff's ex-wife and to cause undue stress to Plaintiff.

32. The fact Defendant was knowingly placing calls to Plaintiff's ex-wife attempting to collect a debt owed by Plaintiff is illustrative of Defendant's intent to harass and annoy Plaintiff, presumably in an effort to either (1) compel payment from Plaintiff's ex-wife to satisfy Plaintiff's debt; (2) put pressure on Plaintiff to pay the debt he allegedly owes Defendant; or (3) mislead Plaintiff's ex-wife into believing that she was financially responsible for Plaintiff's debt.

33. Plaintiff's ex-wife notified Defendant that it was calling the wrong person, yet Defendant persisted with its abusive collection practices by placing phone calls to Plaintiff's ex-wife's cellular phone number (1) after Defendant was informed that the debt was not hers and (2) after Plaintiff's ex-wife requested that the calls cease.

**d.   Violations of FDCPA §§ 1692e and e(5)**

34. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

35. Pursuant to §1692e(5) of the FDCPA, a debt collector is prohibited from threatening "to take any action that cannot legally be taken or that is not intended to be taken."

36. Defendant violated §1692e by falsely representing, through implication, that Plaintiff's ex-wife was liable for the debt that was allegedly owed by Plaintiff when it continued its collection efforts targeted at Plaintiff's ex-wife even after it obtained knowledge that Plaintiff's ex-wife's cellular phone number does not belong to Plaintiff. The continued collection calls to Plaintiff created a false impression that Plaintiff's ex-wife is liable for Plaintiff's debt.

37. Additionally, Defendant violated §1692e(5) by threatening to take Plaintiff's ex-wife's vehicle as collateral to pay the subject debt.

38. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

5

1    WHEREFORE Plaintiff, JAMIE HINTZ, requests that this Honorable Court:

2    a.   Declare that the practices complained of herein are unlawful and violate the aforementioned
3         statute;

4    b.   Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the
5         underlying FDCPA violations;

6    c.   Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k;
         and

7    d.   Award any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: November 30, 2020                  Respectfully submitted,

                                          **JAMIE HINTZ**

                                          By: */s/ Nicholas M. Wajda*

                                          Nicholas M. Wajda
                                          WAJDA LAW GROUP, APC
                                          871 Coronado Center Drive
                                          Suite 200
                                          Henderson, Nevada 89052
                                          +1 702-900-6339
                                          nick@wajdalawgroup.com

6